

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Victor Ippolito
Assistant County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-1232
Re: Ten per cent of qualified voters, as
used in Art. 666-32 of the Penal Code
of Texas, 1925, means ten per cent of
the number of votes cast in preceding
general elections for the Governor.

This will acknowledge receipt of your letter
of August 4, 1939, in which you seek our construction
of Article 666-32 of the Penal Code of Texas, with re-
spect to the meaning of the phrase therein contained
"as many as ten per cent of the qualified voters of
said county, or of any justice precinct, city or town,
taking the votes for Governor at the last preceding
general election as the basis for determining the qual-
ified voters in any such county, or political sub-divi-
sion".

Article 666-32 of the Penal Code reads, in
part, as follows:

"The Commissioners Court of each county
in the State upon its own motion may order an
election to be held by the qualified voters
in said county, to determine whether or not
the sale of liquors shall be prohibited or legal-
ized in such county, and such Court shall order
a local option election whenever petitioned
to do so by as many as ten (10) per cent of
the qualified voters of said county, or of any
justice precinct, city or town, taking the
votes for Governor at the last preceding gen-
eral election as the basis for determining

Hon. Victor Ippolito, page 2

the qualified voters in any such county, or
political subdivision. * * * "

The words "of the qualified voters" ordinarily
would have reference to the number of people qualified
to cast their votes in an election by reason of holding
poll tax receipts and those who by law are entitled to
exemptions.

The Legislature, however, has apparently recog-
nized the extreme difficulty, if not the impossibility,
of determining the exact number of qualified voters with-
in a given district at a given time by giving such term
but a limited meaning in providing "taking the votes for
Governor at the last preceding general election as the
basis for determining the qualified voters in any such
county, or political subdivision".

You state in your letter that there were 553
votes cast for Governor at the last election within the
precinct now desiring a local option election. We as-
sume that you have reference to the last general elec-
tion. If so, the petition seeking the election should
be signed by ten per cent or more of such number or a
minimum of fifty-five (55) people who are qualified to
vote at this time by reason of holding poll tax receipts,
or by reason of being entitled to exemptions under the
law, without reference to whether such signers were
qualified voters, and whether they voted or did not vote
on the occasion of the last general election. The reference
in the statute to the number of votes cast for Governor
in the last preceding general election is but a yardstick
by which the required number of signers of a petition
can be determined.

You also state that the precinct involved in
your inquiry is now wet and that a petition has likewise
been filed asking the Commissioners Court not to call
an election. We find no statutory authority for the fil-
ing of a petition asking that an election not be held.

Trusting that this satisfactorily answers your
inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

Lloyd Armstrong
Lloyd Armstrong
Assistant

APPROVED AUG 10, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN